UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SUTTON<br><br>Petitioner,<br><br>v.<br><br>WILLIAM D. GORE, WARDEN<br><br>Respondent. | Case No.: 16cv1854-JAH (AGS)<br><br>**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING THE WARDEN'S MOTION TO DISMISS PETITIONER'S FIRST AMENDED HABEAS PETITION [DOC NO. 24 ]** |

## BACKGROUND

On July 16, 2016, Petitioner Michael Sutton, a state prisoner proceeding *pro se* ("Petitioner"), concurrently filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, and a motion for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. Nos. 1-2. Petitioner's IFP motion was granted, but the case was nevertheless dismissed without prejudice for failure to allege exhaustion of state judicial remedies. *See* Doc. No. 4. Petitioner timely filed his amended *habeas* petition on September 1, 2016. *See* Doc. No. 5. Thereafter, on November 3, 2016, Warden William D. Gore ("Respondent"), timely filed his motion to dismiss the amended petition, arguing that the petition was improperly brought because Petitioner failed to exhaust his state court remedies. *See* Doc. No. 9 (citing 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270,

1

275 (1971); *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008)). On March 31, 2017, Petitioner filed his response in opposition to Respondent's motion. *See* Doc. No. 16. On July 7, 2017, the Honorable Andrew G. Schopler, United States Magistrate Judge, ordered Petitioner to file proof that he has exhausted his state court remedies or show cause why his case should not be dismissed for failure to exhaust.[1] *See* Doc. Nos. 22, 23.

On July 27, 2017, pursuant to 28 U.S.C. § 636(b)(1), Judge Schopler, submitted a report and recommendation ("Report") to this Court recommending that Respondent's motion to dismiss Petitioner's *habeas* petition be granted. *See* Doc. No. 24. Judge Schopler found that Petitioner failed to provide evidence that he exhausted his claims despite his opportunity to do so. *Id.* Pursuant to Fed. R. Civ. P. 72(b)(2), objections to the Report were due no later than August 10, 2017. No objections were timely received. Accordingly, for the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's Report in its entirety, and **DISMISSES WITHOUT PREJUDICE** Petitioner's amended *habeas* petition.

//
//
//

---

[1] The docket indicates that Judge Schopler's order to show cause was sent to Petitioner at the Vista Detention Center, in Vista, California; but was returned as undeliverable. *See* Doc. No. 23. Here, the Court notes that "[a] party proceeding *pro se* must keep the court and opposing parties advised as to current address. If mail directed to a *pro se* plaintiff by the clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice." *See* CivLR 83.11(b); *see also Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Sixty days have passed since the Report was returned as undeliverable by the Post Office. Petitioner has failed to comply with CivLR 83.11 requiring that a *pro se* party keep the court and opposing parties advised as to his current address.

## DISCUSSION

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When a party objects to the magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating that "*de novo* review of a [magistrate judge's report and recommendation] is only required when an objection is made"); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise"). This rule of law is well established within the Ninth Circuit and this district. *See Hasan v. Cates*, No. 11–cv–1416, 2011 WL 2470495 (S.D. Cal. June 22, 2011) (Whelan, T.) (adopting in its entirety, and without review, a report and recommendation because neither party filed objections to the report despite having the opportunity to do so); *accord Ziemann v. Cash*, No. 11–cv–2496, 2012 WL 5954657 (S.D. Cal. Nov. 26, 2012) (Benitez, R.); *Rinaldi v. Poulos*, No. 08–cv–1637, 2010 WL 4117471 (S.D. Cal. Oct. 18, 2010) (Lorenz, J.).

Here, the record reflects that no party filed objections to the Report. Thus, in the absence of any objections, the Court **ADOPTS** the Report. For the reasons stated in the Report, which is incorporated herein by reference, the amended petition is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter judgment reflecting the foregoing.

//

//

**IT IS SO ORDERED.**

DATED:   September 21, 2017

_____
JOHN A. HOUSTON
United States District Judge